UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| PATRICIA A. CAMPBELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00293-JRS-DLP |
| ) | |
| VALTRANS EXPRESS, INC., ) | |
| AMERIFREIGHT SYSTEMS, LLC, ) | |
| DANIEL ALVAREZ, ) | |
| DEDICATED FATIME EXPRESS, LLC ) | |
| d/b/a DFX LLC, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter comes before the Court on the Plaintiff's Motion for Leave to File Second Amended Complaint, Dkt. [81]. For the reasons discussed herein, Plaintiff's motion is **GRANTED**.

**I.  Background**

On June 5, 2020, Plaintiff initiated this action, arguing that she was severely and permanently injured from a car accident that occurred on July 27, 2019 due to the negligence of Defendants Daniel Alvarez, Valtrans Express, Inc., and Amerifreight Systems, LLC. (Dkt. 1). On January 20, 2021, Plaintiff amended her complaint, with Defendants' consent, for the sole purpose of adding Defendant Dedicated Fatime Express, LLC d/b/a DFX LLC. (Dkts. 35, 36). The parties' case management plan was entered on May 7, 2021, which set a deadline of July 20, 2021 for all motions for leave to amend pleadings to be filed. (Dkt. 72 at 4). On July

1

16, 2021, Plaintiff filed the present Motion for Leave to Amend in order to add a request for punitive damages. (Dkt. 81). On July 26, 2021, Defendants Valtrans and Amerifreight filed a response in opposition, and on July 27, 2021 Plaintiff filed her reply brief. (Dkts. 83, 84). Defendants Alvarez and Fatime did not file responses. The motion is now fully briefed and ripe for decision.

## II. Legal Standard

After the opportunity to amend the pleadings as a matter of course has passed, a party may amend a complaint only with the consent of the opposing party or leave of the court. Fed. R. Civ. P. 15(a). Generally, motions to amend pleadings are treated favorably under Rule 15's liberal amendment policy. *See id*. Leave to amend should be "freely given," absent considerations such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Defendants oppose Plaintiff's Motion for Leave to Amend on the grounds that the proposed amendment to add punitive damages is unsupported by clear and convincing evidence and not permitted in cases of vicarious liability. (Dkt. 83). Essentially, Defendants argue that Plaintiff's proposed amendment is futile. An amendment is futile if the amended pleading would not survive a motion to dismiss. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014). To survive a motion to dismiss, the amended complaint must "contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 685 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Before denying a motion to amend, however, it should be "clear" that the proposed amended complaint "is deficient" and would not survive such a motion. *Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008); *see Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519-20 (7th Cir. 2015) ("Unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend.") (quoting *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)).

### III. DISCUSSION

As mentioned previously, Plaintiff's operative complaint brought claims of negligence, respondeat superior, and willful and wanton conduct against the four named defendants and sought a range of compensatory damages. (*See* Dkt. 36). In the proposed amended complaint, Plaintiff adds a paragraph related to Defendant Alvarez's alleged distracted driving and a request for punitive damages. (Dkt. 81-1). Defendants contend that the factual allegations as pleaded have failed to meet the clear and convincing standard for an award of punitive damages and thus that they are not liable for any punitive damage awards.[1] (Dkt. 83 at 7). Taken together,

---

[1] Defendants also make a remark that Indiana law does not support an award of punitive damages for a truck driver's employer, seemingly in an attempt to claim that punitive damages are not available in this case. (Dkt. 83 at 6). This assertion is undeveloped and thus waived. *Williams v. Bd. of Educ. of City of Chicago*, 982 F.3d 495, 511 (7th Cir. 2020) (finding perfunctory and undeveloped arguments that are unsupported by pertinent authority waived). Moreover, Defendants' assertion is also, questionable. *Infinity Prod., Inc. v. Quandt*, 775 N.E.2d 1144, 1154 (Ind. Ct. App. 2002), rev'd on other grounds, 810 N.E.2d 1028 (Ind. 2004) (finding employers are responsible for compensatory and punitive damages for an employee's actions).

3

these arguments suggest that the Plaintiff's proposed amendment is futile. Defendants contend that Plaintiff has only cited one fact to support her claim of willful and wanton conduct that could potentially result in an award of punitive damages – the additional paragraph related to Defendant Alvarez's distracted driving – and that Plaintiff has not demonstrated that the Defendants knew or approved of this driving behavior. (Id.). Plaintiff maintains that she has satisfied the notice pleading standard and the Court's liberal stance on amending pleadings should prevail. (Dkt. 84).

    First, the Court notes that the "clear and convincing" standard is used for trial purposes, and not beforehand. *See Bandido's, Inc. v. J. Gazette Co.*, 575 N.E.2d 324, 326-27 (Ind. Ct. App. 1991). Instead, Plaintiff must only satisfy the notice pleading standard at this stage of the case. Second, contrary to the Defendants' argument, both the operative and proposed amended complaint each contain over twenty stated allegations that would support a claim for willful and wanton conduct and punitive damages. (Dkt. 6 at 4-19; Dkt. 81-1 at 4-19). The Court finds these twenty-one distinct alleged policy violations sufficient at the pleading stage to justify a potential claim for punitive damages.

    Defendants have essentially invited the Court to move beyond the Plaintiff's notice allegations in the proposed amended complaint to make a determination as to the merits of the Plaintiff's claims. That is to say, Defendants want this Court to review the complaint and decide whether those factual allegations constitute clear and convincing evidence sufficient to justify punitive damages. However, "[f]utility,

4

in the context of Rule 15, refers to the inability to state a claim, not the inability of the plaintiff to prevail on the merits." *Gorss Motels, Inc. v. Brigadoon Fitness Inc.*, No. 1:16-cv-330-HAB, 2020 WL 2570046, at *3 (N.D. Ind. May 21, 2020). Therefore, the Defendants' attempt to persuade the Undersigned to apply the clear and convincing standard, one reserved for trial, at the pleading stage, fails. The Undersigned declines to weigh the evidence and "invade the province of the trier of fact." *Bandido's*, 575 N.E.2d at 327.

When accepted as true, the Plaintiff's proposed amended complaint provides the Court with sufficient facts to plausibly allege conduct reckless and wanton enough to justify an award of punitive damages. This is all that is required at this stage of the proceedings. Accordingly, the Court, applying the liberal standard for amending pleadings, finds that Plaintiff's proposed amended complaint is sufficient to survive Defendants' futility argument.

### IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Plaintiff's Motion for Leave to File Second Amended Complaint, Dkt. [81]. Plaintiff is directed to file the Amended Complaint within three (3) days from the date of this Order.

So ORDERED.

Date: 8/25/2021

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email.